IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAXUM INDEMNITY COMPANY,

Plaintiff,

v.

MILLER CONTRACTING SERVICES, INC.,
an Illinois corporation; DARRELL OLLER;
and SARAH OLLER,[1]

Defendants.                                            No. 13-cv-179-DRH-PMF

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

## I.   INTRODUCTION

Pending before the Court is plaintiff Maxum Indemnity Company's (Maxum) motion for summary judgment (Doc. 24). Maxum requests that the Court enter judgment in its favor finding it has no duty to defend or indemnify defendant Miller Contracting Services, Inc. (Miller) in *Darrell Oller and Sarah Oller v. Miller Contracting Services, Inc. et al.*, Case No. 10 CT 040152, in the Circuit Court of Marion County, Indiana (Oller lawsuit).  Miller responds with a cross-motion for

---

[1] Plaintiff Maxum Indemnity Company voluntarily dismissed defendants Darrell Oller and Sarah Oller without prejudice as the parties executed a Stipulation to be Bound to Judgment (Doc. 19-1).

summary judgment (Doc. 25). For the following reasons, Maxum's motion for summary judgment is **GRANTED** and Miller's motion is **DENIED**. [2]

## II. BACKGROUND AND UNDISPUTED FACTS

This declaratory judgment action seeks a finding that Maxum has no duty to defend or indemnify Miller for the allegations of the Oller lawsuit. Darrell Oller (Darrell) and Sarah Oller (Sarah) (collectively, the Ollers) filed the two-count Oller lawsuit against Miller and other defendants not present here, on October 11, 2012 (Doc. 8-2).

The Oller lawsuit alleges that Foresight Energy Group contracted Miller as the "general contractor for construction of the structures for the coal conveying and barge loading dock at or near the Ohio River in Mt. Vernon, Posey County, Indiana" (Doc. 8-2, ¶ 16). Miller "subcontracted Burkey's Construction to excavate the conveyor beds, pour concrete and set steel for the rail line and coal conveyor beds for the barge loading facility in Mt. Vernon, Posey County, Indiana" (*Id.* at ¶ 17). "At all relevant times, [Darrell] "was an employee of Burkey's Construction, a subcontractor of [Miller]" (*Id.* at ¶ 19).

On October 21, 2010, while Darrell "was assisting in the setting and bolting up of the steel I-beams, he was struck by 75-pound anchor bolts that fell from a plywood box used by a crane to lower five sets of bolts at a time into the area where [Darrell] was working" (*Id.* at ¶ 21). The Oller lawsuit brings Count I,

---

[2] Miller moves for oral argument on the issues before the Court (Doc. 27). As the briefing before the Court fully addresses the pertinent issues and in light of the Court's current schedule, Miller's motion is **DENIED** (Doc. 27).

sounding in negligence, by Darrell, for his physical and emotional injuries (*Id.* at ¶¶ 1-26). Sarah brings Count II for loss of "services, society and marital rights arising out of her marriage with her husband, [Darrell], known as consortium," which she alleges directly and proximately resulted from the defendants' negligence (*Id.* at ¶¶ 27-29).

Maxum issued a commercial general liability policy, policy number BDG 0032628-03, to Miller, effective June 26, 2010, to June 26, 2011 (Maxum Policy) (Doc. 8-1). The Maxum Policy includes limits of $1,000,000.00 per occurrence, $2,000,000.00 products-completed operations aggregate, and $2,000,000.00 general aggregate. Section I, Coverage A Bodily Injury and Property Damage Liability, subpart 1.a., provides:

> [Maxum] will pay those sums that [Miller] becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [Maxum] will have the right and duty to defend [Miller] against any "suit" seeking those damages. However, [Maxum] will have no duty to defend [Miller] against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Doc. 8-1, p. 10).

The Maxum Policy contains the following Contractors Limitation Endorsement:

> **EXCLUSION- CONTRACTED PERSONS**
>
> This insurance does not apply to "bodily injury," "property damage," "personal and advertising injury" sustained by any person who is:
>
> 1. Contracted with you or with any insured for services; or
>
> 2. Employed by, leased to or contracted with any entity that is:

    A. Contracted with you or with any insured for services; or

    B. Contracted with others on your behalf for services.

(Doc. 8-1, p. 50).

  Maxum first received notice of the Oller lawsuit when it was tendered to Maxum on or about January 10, 2013. Upon investigation, Maxum notified Miller that it did not believe the Maxum Policy provided coverage for the allegations of the Oller lawsuit and thus on February 20, 2013, Maxum notified Miller of its intent to file the instant declaratory judgment action. Maxum seeks summary judgment on Counts I, Declaratory Judgment ("Contracted Persons" Exclusion), and II, Declaratory Judgment in the Alternative ("Loss of Consortium" Claim Does Not Allege "Bodily Injury"), of its amended complaint. Miller responds with its own motion for summary judgment, arguing "there is a duty to defend and indemnify Miller for the claims brought by underlying plaintiff Sarah Oller" (Doc. 26, p. 1).

### III. LEGAL STANDARD

  Summary judgment is proper when the pleadings, discovery, and disclosures establish that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Winsley v. Cook Cnty.*, 563 F.3d 598, 602–03 (7th Cir. 2009); Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing

*Celotex*, 477 U.S. at 323). A genuine dispute as to a material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Indiana*, 259 F.3d 619, 625 (7th Cir. 2001). The Court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *McGrath v. Gillis*, 44 F.3d 567, 569 (7th Cir.1995).

### IV.  DUTY TO DEFEND AND INDEMNIFY

This case is before the Court pursuant to diversity jurisdiction. As the parties do not raise a choice of law dispute, the substantive law of Illinois controls. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Auto. Fin. Corp. v. Smart Auto Center, Inc.*, 334 F.3d 685, 688 (7th Cir. 2003). When called upon to interpret an insurance policy, a legal inquiry properly addressed through summary judgment, the court's primary concern is to "ascertain and enforce" the intention of the parties as expressed in the agreement. *See Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 391, 189 Ill. Dec. 756, 620 N.E.2d 1073 (1993). "Like any contract, an insurance policy is to be construed as a whole, giving effect to every provision, if possible, because it must be assumed that every provision was intended to serve a purpose." *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 223 Ill. 2d 352, 362, 307 Ill. Dec. 653, 860 N.E.2d 307 (2006). "Unambiguous language will be applied as written unless it violates public policy. Policy terms that limit an insurer's liability will be liberally construed in favor of coverage but only where the policy language is ambiguous."

*Huizenga v. Auto-Owners Ins.*, 2014 IL App (3d) 120937, 378 Ill. Dec. 658, 662, 4 N.E.3d 541 (Ill. App. Jan. 22, 2014) (citation omitted).

"To determine an insurer's duty to defend its insured, a court must look to the allegations of the underlying complaints. If the underlying complaints allege facts within or potentially within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent." *Am. Econ. Ins. Co. v. Holabird & Root*, 382 Ill. App. 3d 1017, 1022, 320 Ill. Dec. 97, 886 N.E.2d 1166, 1171 (2008) (quoting *Northbrook Prop. & Cas. Co. v. Transp. Joint Agreement,* 194 Ill. 2d 96, 98, 251 Ill. Dec. 659, 741 N.E.2d 253 (2000)).

> The insurer's duty to defend does not depend upon a sufficient suggestion of liability raised in the complaint; instead, the insurer has the duty to defend unless the allegations of the underlying complaint demonstrate that the plaintiff in the underlying suit will not be able to prove the insured liable, under any theory supported by the complaint, without also proving facts that show the loss falls outside the coverage of the insurance policy.

*Id.* (quoting *Illinois Emcasco Ins. Co. v. Nw. Nat'l. Cas. Co.,* 337 Ill. App. 3d 356, 361, 271 Ill. Dec. 711, 785 N.E.2d 905 (2003)).

In light of the "Contracted Persons" exclusion, Maxum argues the Maxum Policy does not provide coverage to Miller for defense of the Oller lawsuit. The Maxum Policy states Maxum has, "no duty to defend [Miller] against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." The "Contracted Persons" exclusion states coverage does not apply to "bodily injury," "sustained by any person who is," "[c]ontracted with

[Miller] [] for services," or employed by an entity that is contracted with Miller for services.

The Oller lawsuit alleges that Darrell was injured in the course of his employment as an "employee of Burkey's Construction, a subcontractor of Miller." Thus, Maxum argues Darrell sustained "bodily injury" while employed by an entity Miller contracted with for services. As the "Contracted Persons" exclusion is enforceable and unambiguous, Maxum argues it must apply to preclude coverage of the Oller lawsuit in its entirety.

To summarize Miller's position, it appears Miller argues that absent the "Contracted Persons" exclusion, Maxum has a duty to defend the Oller lawsuit in its entirety. However, Miller does not argue that the "Contracted Persons" exclusion is ambiguous or unenforceable for public policy reasons. And further, the Court's review of Maxum's citations to relevant though non-binding case law regarding similar "Contracted Persons" exclusions does not support a finding of ambiguity or public policy violation. *See New York Univ. v. Arma Scrap Metal Co.*, 2013 N.Y. Misc. LEXIS 236, *15-16 (N.Y. Sup. Ct. Jan. 23, 2013) (Scarpulla, J.) (unpublished) ("[T]he plain meaning of the Contracted Persons exclusion invoked by Northfield is that the policy does not provide coverage for bodily injury to any person employed by any entity that is contracted with any insured for services. There is no dispute that Hamer was employed by Arma, an entity that had contracted for services with NYU, a named additional insured under the Northfield policy. Thus, Hamer's underlying claim for bodily injury falls entirely

within the scope of this exclusion."); *Capitol Specialty Ins. Corp. v. Yuan Zhang,* 2012 WL 1252638, *4 (W.D. Wash. Apr. 13, 2012) (Zilly, J.) ("In this case, the plain language of the [Contracted Persons] exclusion is unambiguous. The exclusion bars coverage for property damages 'sustained by any person who is … [c]ontracted with [the insured] for services.' A person who is contracted with the insured for services' is the party to the insured's contract that performs the services for the insured (i.e., the insured's subcontractors). Thus, the exclusion bars coverage for property damages sustained by an insured's subcontractors (and the subcontractor's subcontractors). Here, Zhang is not a subcontractor for Hawk or Ready. Accordingly, the exclusion does not bar coverage for the property damages sustained by Zhang."). And further, courts applying Illinois law have found that similar "independent contractor" or "subcontractor" exclusions unambiguously preclude coverage. *See James River Ins. Co. v. Keyes2Safety, Inc.,* 2012 WL 3203334, *3 (N.D. Ill. July 24, 2012) (Guzman, J.) (construing, "Injury to Independent Contractors and Subcontractors–Exclusion," and finding it unambiguously precluded coverage for claims of the insured's subcontractor's employee); *Nautilus Ins. Co. v. Jona Enters., Inc.,* 2012 WL 266363, *6 (N.D. Ill. Jan. 30, 2012) (Chang, J.) ("Subcontractor Exclusion," unambiguously precluded coverage for wrongful death action which alleged the injured claimant was an employee of named insured's subcontractor); *Nautilus Ins. Co. v. 1452-4 N. Milwaukee Ave., LLC,* 562 F.3d 818, 822-23 (7th Cir. 2009) (applying Illinois

law) (finding "contractors and subcontractors" exclusion precluded duty to defend and indemnify property damage allegedly caused by insured's subcontractor).

Again, Miller does not attempt to argue that the "Covered Persons" exclusion is ambiguous, and this Court will not seek out ambiguities where there are none. The Oller lawsuit alleges that Darrell was injured while working for Miller's subcontractor, Burkey's Construction. To repeat the "Covered Persons" exclusion states that the Maxum Policy "does not apply to 'bodily injury' . . . sustained by any person who is . . . employed by . . . any entity that is . . . contracted with [Miller] . . . for services; or [c]ontracted with others on [Miller's] behalf for services." The exclusion's reference to an entity contracted with the named insured for services unambiguously refers to a subcontractor.

The Oller lawsuit alleges that, "Miller subcontracted Burkey's Construction to excavate the conveyor beds, pour concrete and set steel for the rail line and coal conveyor beds for the barge loading facility in Mt. Vernon, Posey County, Indiana" (Doc. 8-2, ¶ 17). And further, that Darrell sustained injury when "falling anchor bolts" struck him and caused him to "fall approximately 20 feet to the bottom of the conveyor bed," while he was "assisting in the setting and bolting up of the steel I-beams," in the course of his employment for Burkey's Construction (*Id.* at ¶¶ 21-22). According to the Oller lawsuit, Darrell sustained bodily injury while working as an employee of an entity (Burkey's Construction) who Miller contracted with for services (including excavating the conveyor beds, pouring concrete, and setting steel for the rail line and conveyor beds). Thus, the "Covered

Persons" exclusion unambiguously precludes coverage to Miller for Darrell's bodily injury claims, as the underlying complaint does not allege facts which demonstrate Darrell's claim falls within or potentially within coverage under the Maxum Policy. Maxum has no duty to defend Count I of the Oller lawsuit.

The majority of Miller's briefing to the Court argues that Count II of the Oller lawsuit, Sarah's claim for "loss of consortium," is covered under the Maxum Policy regardless of whether the "Covered Persons" exclusion precludes coverage of Darrell's claim, and thus coverage is required of the Oller lawsuit in its entirety. Such a finding would render the unambiguous and enforceable "Contracted Persons" exclusion meaningless.

Sarah alleges that as a result of the negligence of the defendants to the Oller lawsuit, she has suffered a "loss of consortium." Maxum's Count II, pled in the alternative, alleges Sarah's "loss of consortium" claim does not allege any independent "bodily injury, sickness or disease," as required under the definition of "bodily injury" in the Maxum Policy (Doc. 8-1, p. 22). Miller of course disagrees. Courts construing Illinois law have held that where, as here, a policy defines "bodily injury" as "bodily injury, sickness or disease," a claim for "loss of consortium" will not receive coverage as it represents a personal injury, not a "bodily injury." *Smith v. Allstate Ins. Co.,* 312 Ill. App. 3d 246, 252, 726 N.E.2d 1 (1999); *see also Creamer v. State Farm Mut. Auto. Ins. Co.,* 161 Ill. App. 3d 223, 215-16, 514 N.E.2d 214 (1987) ("Loss of consortium is a personal rather than a bodily injury and is generally included and subject to the policy limitations for

bodily injury to one person."). Thus, the Court agrees with Maxum that Count II of the Oller lawsuit does not independently trigger coverage under the Maxum Policy.

More fundamentally, the "Contracted Persons" exclusion precludes coverage of Sarah's claim as it derives from Darrell's claim. Miller seems to concede that Sarah's claim is derivative of Darrell's claim. However, Miller argues that the "Covered Persons" exclusion does not preclude coverage of derivative claims of Miller's subcontractor's employees because the exclusion at issue does not explicitly state that such derivative claims are excluded. Such an explicit statement is not necessary.

The Maxum Policy provides coverage to claims "because of 'bodily injury' . . . to which this insurance applies" (Doc. 8-1, p. 10). "Damages because of bodily injury include damages claimed by any person or organization for care, loss of services or death resulting at any time from the 'bodily injury'" (*Id.* at p. 11). The "Covered Persons" exclusion unambiguously precludes coverage of Darrell's claim for bodily injury. Therefore, there are no claims "because of [Darrell's claim] of 'bodily injury' . . . to which this insurance applies."

To put it simply, Sarah's claim, which is derivative of Darrell's claim, is also precluded. *See Ill. Farmer's Ins. Co. v. Marchwiany,* 361 Ill. App. 3d 916, 838 N.E.2d 172 (2005) (collecting cases) ("[T]he court found such holding consistent with an entire line of Illinois cases which have held that loss of consortium is a derivative claim to the direct injury that causes it and such claim

is generally included and subject to the policy limitations for bodily injury to one person."). As Sarah's "loss of consortium" claim falls within the scope of "damages because of 'bodily injury,'" it is also precluded pursuant to the "Covered Persons" exclusion. Thus, similarly to Count I of the Oller lawsuit, Maxum has no duty to defend Count II of the Oller lawsuit. Accordingly, Maxum has no duty to defend the Oller lawsuit in its entirety.

Finally, an insurer's duty to defend is much broader than its duty to indemnify. *Crum & Forster,* 156 Ill. 2d at 398. In this case, the facts alleged do not even potentially fall within the Maxum Policy's coverage. Thus, Maxum has no duty to defend or indemnify Miller for the Oller lawsuit. *Id.* Accordingly, Maxum is entitled to summary judgment on Counts I and II of its amended complaint.

## V. CONCLUSION

For the above-stated reasons, Maxum's motion for summary judgment is **GRANTED** (Doc. 24). Thus, the Court **FINDS AS FOLLOWS**:

(A) The "Contracted Persons" exclusion bars coverage for the injuries and damages asserted in the Oller lawsuit;

(B) Maxum has no duty to defend Miller in connection with the allegations of the Oller lawsuit; and

(C) Maxum has no duty to indemnify Miller in connection with the allegations of the Oller lawsuit.

Accordingly, Miller's motion for summary judgment is **DENIED** (Doc. 25). This case is dismissed with prejudice in favor of Maxum and against Miller. The

Clerk is instructed to enter judgment accordingly. The Court again notes that defendants Darrell Oller and Sarah Oller have stipulated to be bound by this Court's judgment. This file is closed.

**IT IS SO ORDERED.**

Signed this 3rd day of June, 2014.

Digitally signed by David R. Herndon
Date: 2014.06.03 13:25:51 -05'00'

**Chief Judge**
**United States District Court**